**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-1231-MSN-JFA |
| | ) | |
| THE UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE; and | ) | |
| KATHERINE. K VIDAL, in her official | ) | |
| capacity as DIRECTOR OF THE | ) | |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

Pursuant to Federal Rule 8, Defendants Katherine K. Vidal, in her official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the United States Patent and Trademark Office (USPTO), hereby present their defenses to, and answer, the Complaint (Dkt. No. 1).

## FIRST DEFENSE

The only proper defendant to an action seeking review of a decision of the USPTO's Trademark Trial and Appeal Board (TTAB) under section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b), is the Director of the USPTO, and therefore either this Court lacks jurisdiction over Plaintiff's claim against the USPTO, or the complaint fails to state a claim as to Defendant USPTO.

**SECOND DEFENSE**

The Court lacks jurisdiction over Defendant Katherine K. Vidal in her personal capacity. Under 15 U.S.C. § 1071(b). The Complaint fails to state a claim as to Defendant Vidal in her personal capacity.

**THIRD DEFENSE**

Plaintiff's alleged trademark SMART KEYBOARD as shown in U.S. Trademark Application Serial No. 86/857,587 is ineligible for registration because it is generic for the goods covered by the application.

**FOURTH DEFENSE**

Plaintiff is not entitled to declaratory judgment on the issues of genericness, descriptiveness, or acquired distinctiveness because this Court lacks jurisdiction under 15 U.S.C. § 1071(b) to reach any issue other than eligibility for registration, and the complaint fails to state a claim on which such relief could be granted.

**FIFTH DEFENSE**

Because Apple's application seeks registration on the Supplemental Register, the court lacks jurisdiction to decide whether Apple's alleged trademark SMART KEYBOARD is eligible for registration on the Principal Register, and attendant issues related to registration on the Principal Register.

**SIXTH DEFENSE**

Defendants reserve the right to supplement, amend, or modify the foregoing defenses and to assert additional defenses as they may appear.

## SEVENTH DEFENSE

Defendants hereby deny each and every allegation in the Complaint that is not specifically admitted or otherwise qualified herein as follows:

## NATURE OF THE ACTION[*]

1.      To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants deny the allegations.

2.      To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. To the extent the allegations contained in this paragraph relate to facts reflected in USPTO trademark records, those records are the best evidence of their contents. To the extent that the allegations are inconsistent with USPTO trademark records, Defendants deny the allegations.

3.      Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

4.      To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts reflected in USPTO trademark records, those records are the best evidence of their contents.

---

[*] Defendants include the headings listed in the complaint solely to assist with reading the pleadings and do not admit the accuracy of those headings.

To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record or USPTO trademark records, Defendants deny the allegations.

5.      To the extent that the allegations contained this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts reflected in USPTO trademark records, those records are the best evidence of their contents. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record or USPTO trademark records, Defendants deny the allegations.

6.      To the extent that the allegations contained this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendants deny the allegations. Defendants deny that the decision of the TTAB "was wrong" and deny the remaining allegations in this paragraph.

7.      To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

8.      To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. To the extent that this paragraph contains a request for relief, no response is required. As to the remaining allegations in this paragraph, Defendants deny the allegations.

9.      To the extent that the allegations contained in this state conclusions of law, no response is required. To the extent that this paragraph contains a request for relief, no response is required. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

10.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

11.     To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

12.     To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts reflected in USPTO trademark records, those records are the best evidence of their contents. As to the remaining allegations contained in this paragraph, Defendants deny the allegations.

13.     To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent the allegations contained in this paragraph relate to facts reflected in USPTO trademark records, those records are the best evidence of their contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record or USPTO trademark records, Defendants deny the allegations. As to the remaining allegations contained in this paragraph, Defendants deny the allegations.

14.     To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

15.     To the extent that the allegations contained in this paragraph state conclusions of law, no response is required. As to the remaining allegations contained in this paragraph, Defendants deny the allegations.

16.     This paragraph contains a prayer for relief to which no response is required. To the extent that the allegations in this paragraph contain allegations to which a response is required, Defendants deny the allegations.

## PARTIES

17.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

18.     Defendants admit that a business address for the USPTO is 600 Dulany Street, Alexandria, VA 22314. The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required.

19.     Defendants admit that Katherine K. Vidal  is the Director of the USPTO. Defendants also admit that a business address for the USPTO is P.O. Box 1450, Alexandria, Virginia 22313-1450. The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required.

## JURISDICTION AND VENUE

20.     The allegations contained in this paragraph constitute conclusions of law regarding jurisdiction to which no response is required.

21.     The allegations contained in this paragraph constitute conclusions of law regarding personal jurisdiction to which no response is required.

22.     The allegations contained in this paragraph constitute conclusions of law regarding venue to which no response is required.

## FACTUAL BACKGROUND

**A.**     **Apple's iPad devices and SMART Accessories**

23.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

24.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

25.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

26.     The allegations contained in this paragraph constitute a characterization of USPTO trademark records. The records speak for themselves and are the best evidence of their contents. To the extent that the allegations contained in this paragraph are inconsistent with those records, Defendants deny the allegations.

27.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the

allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

28.     The allegations contained in this paragraph constitute a characterization of USPTO trademark records. The records speak for themselves and are the best evidence of their contents. To the extent that the allegations contained in this paragraph are inconsistent with those records, Defendants deny the allegations.

29.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

30.     The allegations contained in this paragraph constitute a characterization of USPTO trademark records. The records speak for themselves and are the best evidence of their contents. To the extent that the allegations contained in this paragraph are inconsistent with those records, Defendants deny the allegations.

**B.      Apple's Smart Keyboard Accessory**

31.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

32.     The allegations contained in this paragraph constitute a characterization of USPTO trademark records. The records speak for themselves and are the best evidence of their content. To the extent that the allegations contained in this paragraph are inconsistent with those records, Defendants deny the allegations.

33.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

34.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

35.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

36.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record,

Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

37.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

38.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

39.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

40.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

41.     To the extent the allegations contained in this paragraph relate to facts addressed by the TTAB, the administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

**C.     SMART KEYBOARD Trademark Application History at the USPTO**

42.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its content. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

43.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

44.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

45.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

46.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

47.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

48.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

49.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

50.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

51.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best

evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

**D.     Apple's Appeal to the TTAB**

52.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

53.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

54.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

55.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

56.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

57.     The allegations contained in this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny the allegations.

## COUNT I

58.     Defendants incorporate by reference the responses to the allegations set forth above as if fully set forth herein.

59.     Defendants deny the allegations in this paragraph.

60.     The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations contained in this paragraph are deemed factual in nature, Defendants deny the allegations.

61.     The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations contained in this paragraph are deemed factual in nature, Defendants deny the allegations.

62.     The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations contained in this paragraph are deemed factual in nature, Defendants deny the allegations.

63.     The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations contained in this paragraph are deemed factual in nature, Defendants deny the allegations.

64.     The allegations contained in this paragraph constitute a prayer for relief to which no response is required. To the extent that the allegations contained in this paragraph are deemed factual in nature, Defendants deny the allegations.

65.     The allegations contained in this paragraph constitute a prayer for relief to which no response is required. To the extent that the allegations contained in this paragraph are deemed factual in nature, Defendants deny the allegations

The remainder of the Complaint constitutes a prayer for relief, to which no response is required.

## **PRAYER FOR RELIEF**

WHEREFORE Defendants pray that the Court enter judgment in their favor and against Plaintiff as follows:

A.     That Defendant USPTO be dismissed without prejudice from this case either for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted;

B.     That Defendant Vidal be treated as a defendant in her official capacity only;

C.     That the Court enter judgment affirming the judgment and decision of the TTAB refusing registration of Plaintiff's applications, and dismissing Plaintiff's complaint with prejudice;

D.     That, pursuant to section 21(b)(3) of the Lanham Act, 15 U.S.C. § 1071(b)(3), the Court order Plaintiff to pay all Defendants' reasonable expenses regardless of whether the final decision is in Plaintiff's favor or not; and

E.     That the Court grant Defendants such and other further relief as the Court may deem just and proper.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:          /s/
           Rebecca S. Levenson
           Assistant U.S. Attorney
           2100 Jamieson Avenue
           Alexandria, Virginia 22314
           Telephone: (703) 299-3760
           Fax:   (703) 299-3983
           Email: Rebecca.S.Levenson@usdoj.gov

DATE: January 9, 2023           ATTORNEYS FOR DEFENDANTS

OF COUNSEL:      Thomas W. Krause
             Solicitor

             Mary Beth Walker
             Michael Tyler
             Associate Solicitors
             United States Patent and Trademark Office